**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY BEDENFIELD, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | No. 19 C 5856 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM ORDER AND OPINION

Rodney Bedenfield ("Petitioner") brings this Petition to vacate a conviction and sentence pursuant to 28 U.S.C. § 2255. He makes several arguments in support of vacatur. Most notably, Petitioner claims that trial counsel was constitutionally ineffective because he had a conflict of interest. He also asserts that his appellate counsel failed to provide competent representation during a limited remand. Finally, Petitioner argues that this Court erred in denying him a substitution of appointed counsel. For the reasons set forth below, the Petition (Dkt. 1)[1] is denied.

## BACKGROUND

On September 11, 2014, Petitioner was charged with six counts of narcotics offenses (specifically heroin), a count for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and a count for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (R. 127.)[2] On September 14, 2015, Petitioner—represented by attorneys Loren Blumenfeld and Jack Friedlander—pleaded guilty to the narcotics charges, waived his right to a jury trial, and proceeded to a bench trial on the two firearms charges.

---

[1] The Court cites to the record of the instant matter, 19 C 5856, using the abbreviation "Dkt."
[2] The Court cites to the record of the underlying criminal case in this Court, 14 CR 330-10, using the abbreviation "R."

(RR. 240, 273, 281.) Following a bench trial, this Court convicted Petitioner of both firearms charges on December 17, 2015. (R. 296.)

On March 22, 2016, Petitioner filed a motion for substitute counsel, claiming that his attorney, Loren Blumenfeld, had been appointed by a "friend of [the] family" and had been ineffective in multiple instances, including allowing Petitioner to go to a bench trial without signing a jury waiver. (R. 369.) When this Court asked Mr. Blumenfeld about the issues between him and his client, Mr. Blumenfeld stated "I don't know if I can address any of the issues without a determination of whether Mr. Bedenfield has waived his attorney-client privilege." (R. 585 at p. 5:18–20.) The Court granted Petitioner's motion to substitute counsel on March 28, 2016 and appointed attorney Paul Camarena to replace Loren Blumenfeld on April 1, 2016. (RR. 377, 391.) Jack Friedlander also withdrew as Petitioner's counsel. (R. 402.)

On May 31, 2016, Petitioner, through his new appointed counsel, Mr. Camarena, moved the Court to withdraw his guilty plea and moved for a new trial based on a claim of ineffective assistance of counsel caused by an alleged conflict of interest. (R. 431 at p. 1.) Petitioner attached an affidavit to his motion, alleging: (1) that he and Craig Davis had been arrested together, (2) that he instructed Mr. Blumenfeld to arrange a cooperation proffer with the government and that, in response, Mr. Blumenfeld advised Petitioner to "minimize Craig Davis' offenses," and (3) that Petitioner told Mr. Blumenfeld that he would be willing to plead guilty as long as his sentence would not exceed ten years in length. (R. 431 at p. 3.)

On August 3, 2016, this Court held a status hearing, in Petitioner's presence, during which Mr. Camarena argued that any waiver of attorney-client privilege between Mr. Blumenfeld and Petitioner should be limited to three questions: (1) "Did [Mr. Blumenfeld] advise Mr. Bedenfield to minimize Mr. Davis's offenses when he submitted to a proffer?;" (2) "Did Mr. Bedenfield advise

[Mr. Blumenfeld] that he would accept a plea so long as his exposure was limited to ten years?;" and (3) "Did [Mr. Blumenfeld] relay this to Mr. Davis?". (R. 559 at pp. 6–7.) This Court denied Petitioner's motion to limit the scope of the attorney-client privilege waiver to these three questions. (R. 559 at pp. 11–12.) The proposed scope of the waiver of attorney-client privilege was insufficient to allow this Court to determine whether Mr. Blumenfeld was ineffective, whether he gave Petitioner the wrong advice, and whether Petitioner knowingly and voluntarily waived his right to a jury trial. (R. 559 at p. 4.) As the Court explained in the August 3, 2016 hearing, for the Court to make those determinations, the scope of the waiver would have to include conversations surrounding: (1) the proffer interview with the government and Petitioner's potential cooperation, (2) the potential penalties Petitioner was facing, (3) plea negotiations, (4) Petitioner's decision to plead guilty to the heroin conspiracy but to challenge the extent of the conspiracy, and (5) Petitioner's decision to waive his right to a jury trial with respect to the firearms counts. (R. 559 at pp. 3–4.) Petitioner then filed a motion to withdraw his previous motion to withdraw his plea of guilty and for a new trial, which the Court granted on August 18, 2016. (RR. 449, 450.) On February 8, 2017, the Court sentenced Petitioner to a total of 211 months' incarceration for the six counts. (R. 527.)

Petitioner subsequently appealed his conviction, but Mr. Camarena moved to withdraw the appeal on the grounds that it was frivolous. (App. R. 49)[3]; *see Anders v. California*, 386 U.S. 738, 744 (1967). The Court of Appeals denied Mr. Camarena's motion to withdraw, and instead remanded the case to allow this Court to clarify whether it had considered Petitioner's mandatory sentence under 18 U.S.C. § 924(c) in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). (R. 662; App. R. 49.) On remand, this Court made clear that it did not feel constrained by *United*

---

[3] The Court cites to the record of the underlying appellate case, case number 17-1298, using the abbreviation "App. R."

3

*States v. Roberson*, 474 F.3d 432 (7th Cir. 2007) (abrogated by *Dean*, 137 S. Ct. at 1178) and would impose the same sentence even after *Dean*. (R. 676.) After remand, the appeal proceeded and Mr. Camarena moved to withdraw as counsel pursuant to his *Anders* brief, to which Petitioner objected. (App. RR. 50–52, 54.) The Court of Appeals then granted Mr. Camarena's motion to withdraw and dismissed the appeal. (App. R. 55.) This Petition followed soon thereafter.

## DISCUSSION

The Sixth Amendment guarantees criminal defendants the right to effective counsel. That right is violated when counsel's performance falls "below an objective standard of reasonableness" and there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Jones v. Zatecky*, 917 F.3d 578, 582 (7th Cir. 2019) (noting that the *Strickland* standard requires courts to determine "whether counsel's actions fell below the constitutional minimum and whether there is a reasonable probability that, but for counsel's errors, the outcome would have been different"). The right to effective assistance of counsel includes the right to representation that is not adversely affected by a conflict of interest. *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004). Where a petitioner alleges that his lawyer operated under an actual conflict of interest, the petitioner can establish that his Sixth Amendment rights were violated by showing that the conflict adversely affected his lawyer's performance. *Id.*

To make out an ineffective assistance of counsel claim, Petitioner must satisfy both prongs of the *Strickland* test; failure of either prong ends the inquiry. *Strickland*, 446 U.S. at 697. The performance prong of the Strickland test is "highly deferential" to counsel. *Id.* at 689. Under this prong, counsel is presumed to have made reasonable strategic judgments, and "'there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies.'"

4

*Valenzuela v. United States*, 261 F.3d 694, 698–99 (7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)).

This Court must hold an evidentiary hearing on a § 2255 petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). But the Court is not required to hold an evidentiary hearing if Petitioner's claims are "'vague, conclusory, or palpably incredible.'" *Williams v. United States*, 879 F.3d 244, 248 (7th Cir. 2018) (quoting *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016)).

## I.    Waiver of the Conflict Issue

The Government argues that Petitioner waived the claim that trial counsel was ineffective due to a conflict by withdrawing the motion to withdraw his guilty plea and for a new trial. According to the Government, Petitioner's withdrawal of that motion precluded him from pursuing that issue on direct appeal, and by extension, on collateral appeal. (Dkt. 10 at pp. 16–17.) But a criminal defendant should generally wait until bringing a collateral appeal under 28 U.S.C. § 2255 to bring an ineffective assistance of counsel claim regardless of whether the "petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 505 (2003). The Seventh Circuit has "set aside the usual rules of procedural default" in ineffective assistance cases in recognition of the fact that on direct appeal, an appellate court "may not be able to determine whether an alleged error (of commission or omission) was prejudicial." *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005) (citing *Massaro*, 538 U.S. at 505). In fact, after *Massaro*, the Seventh Circuit explained that "only the rarest and most patently egregious of ineffective assistance claims are appropriately brought on direct appeal because there is no risk to delaying until a fully developed record is made." *Harris*, 394 F.3d at 558 (compiling cases that warn against

5

pursing ineffective assistance of counsel claims on direct appeal and noting that none of appellant's ineffective assistance of counsel claims are appropriately brought on direct appeal). In light of this guidance on the procedurally correct time to challenge counsel's effectiveness, Petitioner's decision not to raise the issue until this collateral appeal does not foreclose this claim. (*See also* App. R. 55) ("ineffective-assistance claims are best reserved for collateral review so that a fuller record can be developed"). The Court will therefore address the merits of the ineffective assistance of trial counsel claim.

## II. Effectiveness of Trial Counsel

Petitioner alleges that his trial counsel, Mr. Blumenfeld, fell below an objective standard of reasonableness by acting under a conflict of interest, which "substantially prejudiced negotiations with the Government and was not in Bedenfield's best interest." (Dkt. 1 at pp. 4–5.) Had Blumenfeld "negotiated as a zealous advocate with the Government regarding the § 924(c) charge and not advised his client to 'minimize Craig Davis' involvement,'" Petitioner contends that he would have received a sentence that was "60 months less." (*Id.* at p. 2.) Viewing this *pro se* Petition in the most favorable light possible, Petitioner appears to be arguing that he would have entered into a plea agreement with the Government but for Mr. Blumenfeld's allegedly ineffective, conflicted representation.

In keeping with *Strickland*'s requirement that petitioners present non-conclusory evidence of entitlement to relief, the Seventh Circuit requires petitioners who believe they were prejudiced by their counsel's failure to advise them to take a plea deal to show evidence that such a deal actually existed. In *Gallo-Vasquez v. United States*, 402 F.3d 793 (7th Cir. 2005), the petitioner claimed that had he been "competently advised," he would not have taken his chances at trial and would have instead accepted a plea agreement with the government. 402 F.3d at 798. However,

"aside from the allegation contained in Gallo-Vasquez's motion, there [was] no evidence that the government offered [him] a deal." *Id.* Gallo-Vasquez failed to attach a copy of any proposed agreement, or to state when or by whom an offer was made to him, or to provide any details about the contents of the alleged agreement. *Id.* The Seventh Circuit dismissed the petition in *Gallo-Vasquez* because "aside from the allegation contained in [petitioner's] motion, there [was] no evidence that the government offered petitioner a deal." *Id.*; *see also Martin v. United States*, 789 F.3d 703, 707 (7th Cir. 2015) ("A claim of ineffective assistance of counsel with respect to the plea negotiation process presupposes the existence of a plea agreement. Before requiring the district court to reopen a petitioner's case, *Gallo–Vasquez* sensibly requires *some* threshold showing of the evidentiary basis, beyond mere conclusory allegations, that supports a finding that the government in fact offered a plea deal."). In *Sawyer*, 874 F.3d at 279, by contrast, the petitioner attached affidavits from his mother and grandmother, which attested to discussions he had regarding a plea offer. Because the petitioner provided this evidence, he was entitled to an evidentiary hearing on the question of whether his attorney provided incompetent counsel by not advising him to accept the alleged deal. *Sawyer*, 874 F.3d at 279.

Petitioner has presented no evidence of the type that entitled Sawyer to an evidentiary hearing. Instead, this case is virtually identical to *Gallo-Vasquez* and *Martin*. Petitioner has failed to attach a copy of any proposed plea agreement, state when or by whom a plea offer was made, or give any details other about a possible plea agreement or discussions regarding a plea other than to assert that the supposed agreement contemplated a more favorable sentence than the sentence he ultimately received after risking trial. Because Bedenfield fails to allege any evidence, apart from his vague and conclusory allegations, as to the government offering him a plea agreement that would have reduced his sentence by 60 months (Dkt. 1 at p. 9), Petitioner has failed to

sufficiently allege facts that would entitle him to relief as to his ineffective assistance of trial counsel claim. In other words, Petitioner has not shown that Blumenfeld's performance was adversely affected by the alleged conflict of interest. *See Hall*, 371 F.3d at 973. Accordingly, Petitioner is not entitled to an evidentiary hearing as to this claim.

### III.    Effectiveness of Appellate Counsel

Petitioner alleges that his appellate counsel, Mr. Camarena, failed to move this Court to consider the totality of his sentence in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). (Dkt. 1 at p. 2.) Petitioner further alleges that, on remand, Camarena failed to brief this Court by providing empirical data regarding sentencing practices for merging the underlying predicate act with the consecutive sentence imposed for a violation of 18 U.S.C. § 924(c). (Dkt. 1 at p. 2.)

As noted above, Petitioner appealed his sentence on February 10, 2017 (R. 530), and the Seventh Circuit granted the parties' joint motion for a limited remand in order for this Court to "say whether it would impose the same sentence knowing that it can consider the mandatory § 924(c) sentence after *Dean*." (App. R. 49 at p. 1.) This Court held a hearing and determined that it would have imposed the same sentence in light of *Dean*. (R. 676.) After remand, both parties filed statements of positions to the Seventh Circuit agreeing that *Dean* provides no further grounds for relief. (*Id*.)

Petitioner alleges that appellate counsel's decision not to submit a brief to this Court as to the limited *Dean* question constitutes objectively unreasonable assistance. (Dkt. 1 at p. 6.) Petitioner's claim does not overcome the "strong presumption" of reasonable professional assistance, however, because Petitioner has failed to identify "acts or omissions of counsel that could not be the result of professional judgment." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). It could very well be the case that Camarena decided that the Government's brief

to this Court highlighted the *Dean* question in a fair manner and that no supplemental brief was necessary. Consequently, Petitioner has failed to rebut the presumption that Camarena's decision not to provide supplemental briefing was the result of professional judgment.

Petitioner's argument that Camarena failed to brief this Court on certain "empirical data" (Dkt. 1 at p. 2) fails the *Strickland* prejudice prong. Petitioner has not met his burden of demonstrating evidence that Camarena should have presented during the remand, nor that such evidence would have created a "reasonable probability" that the result of the *Dean* remand would have been different had Camarena presented such evidence to the Court. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Petitioner references, but does not attach, cite, nor explain his empirical data or how such data would have changed the outcome. Because Petitioner's claim is unsupported by "actual proof of his allegations, . . . he thus cannot meet the threshold requirement for securing an evidentiary hearing on his § 2255 motion." *Fuller*, 398 F.3d at 652 (quoting *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (internal citations omitted)).

Petitioner additionally alleges that, on remand, appellate counsel failed to open negotiations with the government regarding the § 924(c) charges, failed to raise an issue pursuant to *Cuyler v. Sullivan*, 446 U.S. 335, 345–50 (1980), and failed to present facts outside of the record regarding Mr. Blumenfeld's alleged conflict of interest. (Dkt. 1 at p. 2; Dkt. 3 at pp. 6–8.) The Seventh Circuit issued a limited remand in Petitioner's case under *United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005) in order for this Court to answer a discrete question in light of *Dean*: whether this Court would this Court have sentenced Bedenfield to a consecutive sentence on his § 924(c) conviction, had *Dean* been decided prior to sentencing. (R. 662.) "The goal of the *Paladino* remand is to determine if, at the time of the sentencing, the district judge would have

imposed a different sentence in the absence of mandatory guidelines." *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005). None of the issues Petitioner believes appellate counsel should have raised were relevant to that inquiry. Mr. Blumenfeld's alleged conflict of interest issue does not fall within the scope of the Seventh Circuit's limited remand, and therefore Camarena was not ineffective for choosing not to raise the issue. Petitioner's claim that Camarena missed "a perfect opportunity to reopen discussions with the government regarding the § 924(c) charges" (Dkt. 1 at p. 6) also falls outside the scope of a *Paladino* remand. At the time of the *Paladino* remand, Petitioner had already been convicted and sentenced. Any post-sentencing negotiations or plea agreements with the government that Petitioner believes appellate counsel should have made are irrelevant to the *Paladino* remand. Moreover, Petitioner has failed to allege the nature of these hypothetical negotiations or how they would have led to a different outcome in the *Paladino* hearing. In any event, that Camarena chose not to attempt to re-open negotiations with the government at that procedurally inappropriate stage did not make his representation constitutionally ineffective. Accordingly, Petitioner is not entitled to an evidentiary hearing regarding the effectiveness of Camarena's counsel.

## IV. Substitution of Counsel

Petitioner asserts that his Sixth Amendment right to effective counsel was violated when this Court advised him that it would not appoint him replacement counsel and that he would either have to continue working with his counsel or proceed *pro se*. (Dkt. 1 at p. 9.) According to Petitioner, the Court's warning created a "Hobson's choice" for him. (*Id.*) First, Petitioner claims that when the Court presented him with the choice of either continuing with Blumenfeld or abandoning "all assistance and discuss[ing] the sensitive nature of cooperation, gangs, narcotics, firearms, and Craig Davis' involvement, Bedenfield chose to remain silent about the intricate

details for his own safety." (Dkt. 1 at p. 9.) However,  on March 22, 2016, Petitioner moved for substitution of counsel (R. 369), which this Court granted within six days, appointing Mr. Camarena under the Criminal Justice Act on April 1, 2016. (R. 391). Any claim that he was denied a substitution of counsel is therefore directly contradicted by the record.

Petitioner seems to suggest that he was denied a substitution of counsel on a second occasion as well. Petitioner is likely referring to a September 26, 2016 status hearing in which this Court inquired into Petitioner's seeming dissatisfaction with Camarena's representation of him. However, when this Court inquired into any potential dissatisfaction Petitioner might have with Camarena, Petitioner clearly stated that he did not want Camarena to withdraw from the case and that he would continue working with Camarena.[4] Even if Petitioner had made a motion for substitution of counsel during the September 26, 2016 status hearing, Petitioner still had no right to counsel of his choice under the Sixth Amendment. The Supreme Court, in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), clarified that there is a difference between a criminal defendant's right to effective counsel and the right to counsel of choice. The right to effective counsel is a "baseline requirement" that a trial court must provide to an indigent defendant. *Id.* at 150; *Miller v. Smith*, 765 F.3d 754, 760 (7th Cir. 2014). However, the right to counsel of one's choice "does not extend to defendants who require counsel to be appointed for them." *Gonzalez-Lopez*, 548 U.S.  at 151. Petitioner has the right to competent counsel, but as an indigent defendant, he does not have a right to the counsel of his choice "unless he has a reason for dissatisfaction with the old." *United States v. Oreye*, 263 F.3d 669, 671 (7th Cir. 2001).

Petitioner does not have good reason to be dissatisfied with Camarena's performance at sentencing. Camarena advocated zealously for Petitioner and despite Petitioner's criminal history,

---

[4] There is no transcript of proceedings from this status hearing posted on the docket.

achieved notable results on Petitioner's behalf, including a sentence 37 months below the guideline range.[5] Therefore, to the extent Petitioner alleges that this Court improperly denied him a substitution of counsel, he cannot demonstrate prejudice because he was still "afforded adequate representation." *Harris*, 394 F.3d at 552 (citing *United States v. Zillges*, 978 F.2d 369, 372–73 (7th Cir. 1992)).

Likewise, to the extent that Petitioner alleges that this Court gave him an ultimatum that he had to work with Mr. Camarena or proceed *pro se*, the Court appropriately exercised its discretion. *See United States v. Volpentesta*, 727 F.3d 666, 676 (7th Cir. 2013) ("[W]here a defendant repeatedly complains about his appointed counsel[,] the district judge may give him an ultimatum to either work with his attorneys or represent himself.").

## V.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts mandates that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma,* 751 F.3d 524, 528 (7th Cir. 2014). Here, Petitioner has failed to provide any evidence to suggest that he was prejudiced by any alleged conflict of interest or that he was denied constitutionally adequate representation at any stage of

---

[5] The guideline range was 248 months to 295 months considering that the counts runs concurrently. (R. 560 at p. 30.) The Court sentenced Bedenfield to 211 months, 37 months below the bottom of the guideline range. (R. 527.)

the litigation. Because Petitioner has made no substantial showing of denial of a constitutional right, the Court denies a certificate of appealability.

## CONCLUSION

Petitioner has failed to demonstrate that his trial counsel provided ineffective counsel in negotiations with the government because he presents no evidence that a plea deal was ever on the table. Petitioner has also failed to rebut the strong presumption that appellate counsel's strategy was reasonable. Likewise, Petitioner presents no evidence that his counsel failed to raise issues appropriate for a *Paladino* remand. Finally, the Court did not violate his Sixth Amendment right to effective counsel by not giving him the counsel of his choice. The Court need not hold an evidentiary hearing because the records of the case conclusively show that Petitioner is entitled to no relief. Rodney Bedenfield's Petition for a writ of habeas corpus [1] is therefore denied. The Court also declines to issue a certificate of appealability.

Virginia M. Kendall
United States District Judge

Date: April 30, 2020